**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| REV. BILLY'S CHOP SHOP, INC., an Illinois Corporation | ) ) ) | |
| Plaintiff, | ) ) | Case No. 21-CV-06931 |
| v. | ) ) | |
| FACEBOOK, INC. d/b/a INSTAGRAM, a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## **RESPONSE TO MOTION TO COMPEL ARBITRATION**

Plaintiff Rev. Billy's Chop Shop, Inc. ("RBCS"), by and through its attorney, Daniel I. Schlade, submits the following Response to Defendant's Motion to Compel Arbitration (the "Motion"), and states:

### **Introduction**

Defendant's entire response to this dispute has been a Rube Goldberg-esque exercise specifically designed to frustrate Plaintiff's efforts to obtain some type of resolution of the dispute. As Defendant correctly notes, Plaintiff first demanded arbitration of this dispute, back on February 17, 2021; and yet, more than a year later, this case is now in federal court. Naturally, the Court must be asking: if Plaintiff demanded arbitration, and Defendant is moving to compel arbitration, why was this dispute in State Court, Federal Court, or any court whatsoever?

The answer, as detailed below, is that the arbitration clause requires Defendant to pay for arbitration of claims of less than $75,000; and Plaintiff has stipulated in writing at least four times that its damages are less than $75,000. However, rather than simply communicate with Plaintiff to make arrangements for arbitration, Defendants have crafted an alternative course to drag out

this matter (including filing and preparing the thirteen-page Motion before the Court); and presumably lay a trap for Plaintiff so that Defendant can avoid its contractual duty to pay for arbitration.

All of that being said, this case is in Federal Court because Defendant removed the case on the grounds that the parties are diverse and the amount in controversy exceeds $75,000. However, The Plaintiff has always stipulated that it is seeking less than $75,000 in damages; and that is why Plaintiff is contesting this Motion. Not because Plaintiff believes that arbitration is necessarily the improper forum;[1] but rather, because arbitration of claims for less than $75,000 is the proper vehicle to address this matter. Thus, for the following reasons, this Court lacks subject matter jurisdiction because the amount in controversy is less than $75,000; and this matter should be remanded to State Court for proceedings consistent with the procedural process of this dispute.

### Statement Of Facts

RBCS is an Illinois Corporation in the business of operating a hair salon in Chicago, Illinois. *See* Second Amended Complaint ("SAC"), *¶* 1. Defendant Facebook, Inc. d/b/a Instagram ("Instagram") operates a social media site, which numerous businesses, including Plaintiff, use to advertise their ventures. *See* SAC, *¶¶* 4-6.

RBCS began using Instagram in approximately 2014 to promote its business, and it advertised its account under the handle "@revbillyschopshop" (the "Account") *See* SAC, *¶* 7. The Account became a source of revenue for RBCS, and it generated approximately $4,200 per month in revenue. *See* SAC, *¶* 9.

In November 2020, Instagram shut down the Account, purportedly because it thought RBCS was a six-year-old child, as opposed to a six-year-old corporation. *See* SAC, *¶* 11. During

---

[1] Although Plaintiff reserves the right to contest the enforceability of any contract between the parties.

the next two months, RBCS made multiple attempts to contact Instagram to resolve the situation, without any success.  *See* SAC, ¶ 12.

At this point in time, RBCS opted to try and seek a resolution by serving a "Notice of Dispute" on Instagram demanding a resolution or arbitration.  *See* SAC, ¶ 13.  Specifically, Instagram's terms of service state in relevant part:

> Before you commence arbitration of a claim, you must provide us with a written Notice of Dispute that includes your name, residence address, username, email address or phone number you use for your Instagram account, a detailed description of the dispute, and the relief you seek. Any Notice of Dispute you send to us should be mailed to Facebook, Inc., ATTN: Instagram Arbitration Filing, 1601 Willow Rd. Menlo Park, CA 94025. Before we commence arbitration, we will send you a Notice of Dispute to the email address you use with your Instagram account, or other appropriate means. If we are unable to resolve a dispute within thirty (30) days after the Notice of Dispute is received, you or we may commence arbitration.
>
> We will pay all arbitration filing fees, administration and hearing costs, and arbitrator fees for any arbitration we bring or if your claims seek less than $75,000 and you timely provided us with a Notice of Dispute. For all other claims, the costs and fees of arbitration shall be allocated in accordance with the arbitration provider's rules, including rules regarding frivolous or improper claims.

*See* SAC, Exhibit A.

On February 17, 2021, RBCS served a Notice of Dispute on Instagram, demanding resolution or arbitration of the dispute.  *See* SAC, ¶ 13, 27; *See Also*, supporting affidavit attached hereto as Exhibit 1; and original Complaint, Exhibit B, attached as Exhibit 2.  The Notice of Dispute specifically stipulates that RBCS is seeking less than $75,000 in damages from Instagram, as does the Complaint that is currently before the Court.[2]  *Id.*

---

[2] The Notice of Dispute was inadvertently not attached to the Second Amended Complaint, even though it is referenced as an Exhibit.  It is attached to the Supporting Affidavit, attached hereto as Exhibit 1.

Instagram briefly reactivated the Account. However, on March 21, 2022 Instagram again shut down the Account, but no specific reason was given to Plaintiff. *See* SAC, ¶ 16

On March 22, 2021, RBCS served another Notice of Dispute on Instagram, again seeking a resolution or arbitration. *See* SAC, ¶ 19; *See Also* Exhibits 1-B and 2-B. Again, this Notice of Dispute expressly stipulated that RBCS's damages are less than $75,000. *See* SAC, ¶ 27. Again, Instagram ignored this demand, and refused to institute arbitration proceedings. *See* SAC, ¶ 28.

There is nothing in the Second Amended Complaint indicating that Plaintiff is seeking more than $75,000. The only Count seeking monetary relief is Count III for breach of contract, and it specifically incorporates by reference RBCS's stipulation that it is seeking less than $75,000 in damages. *See* SAC, ¶¶ 27, 35. The prayer for relief also states that it is only seeking $50,400. *Id.*

Moreover, attached to this Response is an affidavit from RBCS's secretary and shop manager. *See* Exhibit 1. This affidavit attaches for reference both Notices of Dispute, which state that RBCS is seeking less than $75,000 in damages. *Id.* Accordingly, for the reasons discussed below, the Court should remand this matter back to state court and make no ruling on the Motion.

## Argument

As the Parties and the Court are well aware, this matter was originally filed by Plaintiff in the Circuit Court of Cook County as Case No. 2021 CH 02861 (*See* Exhibit 2); and the Notice of Removal was received by this Court on December 30, 2021. *See* Docket No. 1. The party seeking removal bears the burden of demonstrating federal jurisdiction, "and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

---

Additionally, a Notice of Dispute was attached to the original complaint filed in this matter. A copy of that pleading is attached hereto as Exhibit 2.

The starting point for determining the amount in controversy is plaintiff's prayer for relief. *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). Additionally, a plaintiff may negate a defendant's removal "simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Murphy v. Baker*, 2015 U.S. Dist. LEXIS 22270 (N.D. Ind. Feb. 24, 2015) citing *Workman v. United Parcel Service, Inc.,* 234 F.3d 998, 1000 (7th Cir. 2000) and *In re Shell Oil,* 970 F.2d 355, 356 (7th Cir. 1992).

RBCS has repeatedly stipulated that it is not seeking more than $75,000 in damages. The Notice of Dispute served on Instagram, attached to the original complaint and incorporated by reference in the Second Amended Complaint states "if [RBCS is] compelled to go through arbitration, RBCS seeks the following: lost profits of less than $75,000[.]" *See* Exhibits 1-B and 2-B.

The Second Amended Complaint expressly alleges and stipulates that RBCS is seeking less than $75,000 in damages. *See* SAC, ¶ 27. As noted above, this allegation is incorporated by reference into the only count seeking monetary relief, Count III. Lastly, RBCS's prayer for relief states that RBCS is only seeking $50,400 in damages. *Id.* The prayer for relief does not include a request for future damages, and the request for relief states that RBCS is only seeking $50,400. *Id.* There is nothing in the Complaint to bring this matter above the $75,000 threshold.

That being said, Defendant's grounds for removal appear to be focused on a single allegation in Second Amended Complaint, which reads:

> RBCS has suffered damages of $50,400 as a direct and proximate result of Defendant's breach of the TOS, itemized as follows: RBCS's Instagram account typically generated $4,200 in revenue per month, and the account has been out for a total of twelve months at this point, representing $50,400 in damages. *These damages*

> *continue to accrue and increase for each month RBCS is not able to access its account.*

*See* SAC, ¶ 51 (emphasis added). Defendant reads the emphasized portion of this paragraph to imply that Plaintiff's damages are infinite and will increase in perpetuity, far past the $75,000 threshold for diversity jurisdiction. This is not a reasonable reading.

As argued *ad nauseum* above, Plaintiff has stipulated in writing, in both pleadings and written communications with Defendant, that it is seeking less than $75,000 in damages. And again, Plaintiff's prayer for relief is also only seeking $50,400. The prayer for relief does not seek any future damages.

Thus, going back to RBCS's introductory paragraph in this Response: Instagram has known for well over one year that this was a dispute for less than $75,000. RBCS has repeatedly, in both pre-litigation demands and each of its pleadings, stated it is seeking less than $75,000 in damages. Instagram, on the other hand, has avoided all of these demands, going on thirteen months now, only to move for arbitration through federal court, on the grounds that Plaintiff's damages are in excess of $75,000. Common sense must prevail, and this matter should be remanded back to state court.

Daniel I. Schlade
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
ARDC No. 6273008
Email: danschlade@gmail.com

Rev. Billy's Chop Shop, Inc.

By Its Attorney

**<u>Certificate of Service</u>**

Daniel I. Schlade, an attorney, certifies that on March 1, 2022, he served the foregoing by by filing same through the ECF electronic filing portal on:

Alina Artunian:
jmarsala@mayerbrown.com
aartunian@mayerbrown.com

Kevin S. Ranlett:

5148135420@filings.docketbird.com
kranlett@mayerbrown.com
wdc.docket@mayerbrown.com

Archis A. Parasharami:
4085092420@filings.docketbird.com
aparasharami@mayerbrown.com
wdc.docket@mayerbrown.com

Matthew David Provance:
courtnotification@mayerbrown.com
mprovance@mayerbrown.com
1004824420@filings.docketbird.com

s/Daniel I. Schlade
Attorney For Plaintiff

# EXHIBIT 1

DocuSign Envelope ID: 64DA19E5-DC4E-4A3E-86EC-5E224A2E43CD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| REV. BILLY'S CHOP SHOP, INC., | ) | |
| an Illinois Corporation | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-CV-06931 |
| | ) | |
| v. | ) | |
| | ) | |
| FACEBOOK, INC. d/b/a INSTAGRAM, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AFFIDAVIT OF AMANDA SIMMONS

Amanda Simmons, having been first duly sworn on oath, states:

1. I am over the age of eighteen, and I have personal knowledge of the facts set forth in this affidavit, and I am a duly authorized agent of Plaintiff in the above captioned action.

2. Rev. Billy's Chop Shop, Inc. ("RBCS") is an Illinois Corporation doing business as a salon that conducts business in Chicago, Illinois. I am the secretary of record for RBCS, I manage its marketing and social media presence; and I am the shop manager for RBCS; and I also manage its finances. I am also duly authorized to make this affidavit.

3. RBCS previously used the "@revbillyschopshop" handle to advertise its services on the social media site: Instagram, which it began using and developing in approximately 2014.

4. In approximately November 2020, Defendant wrongly shut down RBCS's Instagram account, because it believed a six-year old child was operating the account, instead of a six year old corporation.

5. On February 17, 2021, I caused RBCS to serve a demand for arbitration on Defendant Facebook, Inc. d/b/a Instagram ("Facebook"). A true and accurate copy of the Arbitration Demand is attached hereto as Exhibit A.

6. In this Demand, it is specifically represented that RBCS is seeking damages of less than $75,000.

7. Thereafter, Facebook re-activated RBCP's Instagram account for a brief period; however, on March 21, 2021, Facebook again shut down RBCS's Instagram Account. This time, Instagram did not provide any reason for the shutdown.

8. On March 22, 2021, I cause RBCP to issue another arbitration demand to Facebook, and this demand again reiterated that RBCP was seeking less than $75,000 in damages in the event the matter proceeded to arbitration. *See* March 22, 2021 demand, attached hereto as Exhibit B.

9.      Facebook never responded to any of the arbitration demands attached as Exhibits A and B.

10.     I determined that from March 2021 to November 2021, RBCS lost revenues of $50,400, calculated at $4,200 per month for twelve months.

11.     While RCBS may have accrued additional damages during that time, they have sharply declined below the $4,200 per month figure.

12.     Specifically, in 2021, after the "@revbillyschopshop" account was suspended, I began a new account, "@revbillyschopshopchi" (the "Second Account").

13.     The Second Account has since taken the place of the first account, and lost revenues have caught up to the revenues that were being generated by the first Instagram account.

14.     RBCS's damages from these occurrences are substantially less than $75,000; and if RBCS goes forward with litigation in either a state court or federal district court, or arbitration, I stipulate that RBCS is seeking less than $75,000 in damages from Defendant Facebook.

## **Verification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed: _____    2/28/2022

_Amanda Simmons_

Amanda Simmons

DocuSign Envelope ID: 64DA19E5-DC4E-4A35-86E6-5E22AA2F43CD

# EXHIBIT A

**LAW OFFICE OF DANIEL I. SCHLADE**
134 N. LaSalle, Suite 1208
Chicago, Illinois 60602
Email: danschlade@gmail.com Tel: (773) 550-3775

February 17, 2021

**Via U.S. Mail Delivery**

Instagram Arbitration Filing
1601 Willow Rd.
Menlo Park, CA 94025

  Re: **NOTICE OF DISPUTE**

    **@revbillyschopshop / Rev. Billy's Chop Shop, Inc. v. Instagram**

To Whom It May Concern:

  My Law Firm has been retained by Rev. Billy's Chop Shop, Inc. ("RBCS"). RBCS is an active Illinois Corporation (File No. 69602916); and it is the business of operating a hair salon and studio. RBCS's owners are William P Simmons/President ("William") and Amanda J Simmons/Secretary ("Amanda"). Both William and Amanda are adults over the age of twenty-one (21). Please note that any statements contained herein are protected by Federal Rule of Evidence 408, Illinois Rule of Evidence 408, and/or any common law privilege; and any such statements shall not be admissible as evidence at any arbitration, trial, hearing, or any evidentiary proceeding whatsoever. Moreover, nothing contained in this correspondence shall be deemed a waiver of RBCS's right to contest any arbitration provision or Instagram's terms of service; and RBCS reserves all such rights.

  My law firm has been authorized and directed by RBCS to serve this Notice of Dispute on Instagram a/k/a Facebook, Inc. ("Instagram"). Per Instagram's terms of service, we submit the following information:

**Account Identification Information:**

  your name: Rev. Billy's Chop Shop, Inc.
  residence address: 4314 N. Lincoln Ave., Chicago, IL 60618
  username: revbillyschopshop
  email address: revschopshop@gmail.com

**Detailed Description Of The Dispute**:

  RBCS has been operating a business account through Instagram for years, and amassed a following of over 3,600 followers, and nearly 4,000 posts (the "Account"). The Account was successfully used to advertise RBCS's business, solicit new clients, and communicate with new and existing clients regarding such items as scheduling and services provided by the salon.

DocuSign Envelope ID: 64DA19E5-DC4E-4A35-86E6-5E22AA2F43CD

February 17, 2021
Page 2

Sometime in or about November 2020, Instagram requested that RBCS update its profile information, including RBCS's "age." In the "age" section of the profile, RBCS put "six years", which was the accurate age of the corporate entity on the date of the profile update. There was no disclaimer regarding age Instagram age limitations, including age limitations for corporate entities or businesses. However, Instagram interpreted this update as a six-year-old natural person, and the Account was thereby suspended. This suspension has gravely impacted RBCS's ability to conduct and market its business, particularly during the pandemic.

Moreover, RBCS was simply following Instagram's directions when it updated its profile. There are no children involved with its business; as noted above its owners, President and Secretary are each over the age of twenty-one; and no inappropriate content has been posted. However, Instagram has wrongfully suspended the RBCS account without any recourse to RBCS. And to be clear, RBCS has made multiple attempts to go through the Instagram "appeals" process, including submitting copies of the state issued identifications for Amanda and William. However, RBCS has only received automated responses to date, with no action one way or the other. Accordingly, RBCS is now issuing a Notice of Dispute with respect to this matter.

**Relief Being Sought:**

This claim seeks less than $75,000. RBCS is merely seeking that the suspension of the RBCS account be lifted and that RBCS be granted back its privileges with respect to the Account. In addition, if compelled to go through arbitration, RBCS seeks the following: lost profits of less than $75,000; payment of all American Arbitration Association arbitration fees and costs by Instagram (a/k/a Facebook, Inc.); RBCS's attorney's fees and costs; and any other damages deemed appropriate by an arbitrator.

**Offer of Compromise:**

RBCS is willing to accept that the suspension of the RCBS account be lifted, and that it be granted back all privileges, followers, posts, and any other rights generally associated with the possession of an Instagram account. If Instagram accepts this, RBCS will waive and forgo any rights to compel arbitration and seek monetary damages, including lost profits and attorney's fees.

Please respond to this Notice of Dispute as soon as possible. Please also be advised that RBCS has authorized Instagram to communicate to it through my law firm. My contact information is as follows:

Daniel I. Schlade
Law Office of Daniel I. Schlade
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 773-550-3775
E: danschlade@gmail.com

February 17, 2021
Page 3


      Please direct all responses and communications to my law firm.  If you require proof of representation in order to communicate with my law firm, please so advise and it will be tendered upon request.  And if you require any additional information, please do not hesitate to contact me.

Very Truly Yours,

Daniel I. Schlade

cc:    Amanda Simmons, William Simmons

DocuSign Envelope ID: 64DA19E5-DC4E-4A35-86E6-5E22AA2F43CD

# EXHIBIT B

## LAW OFFICE OF DANIEL I. SCHLADE
134 N. LaSalle, Suite 1208
Chicago, Illinois 60602
Email: danschlade@gmail.com Tel: (773) 550-3775

March 22, 2021

**<u>Via U.S. Mail Delivery</u>**

Instagram Arbitration Filing
1601 Willow Rd.
Menlo Park, CA 94025

     **Re:**   **NOTICE OF DISPUTE**

     **@revbillyschopshop / Rev. Billy's Chop Shop, Inc. v. Instagram**

                        **<u>Introduction</u>**

To Whom It May Concern:

My Law Firm represents Rev. Billy's Chop Shop, Inc. ("RBCS"). RBCS is an active Illinois Corporation (File No. 69602916); and it is the business of operating a hair salon and studio. RBCS's owners are William P Simmons/President ("William") and Amanda J Simmons/Secretary ("Amanda").

Please note that any statements contained herein are protected by Federal Rule of Evidence 408, Illinois Rule of Evidence 408, and/or any common law privilege; and any such statements shall not be admissible as evidence at any arbitration, trial, hearing, or any evidentiary proceeding whatsoever. Moreover, nothing contained in this correspondence shall be deemed a waiver of RBCS's right to contest any arbitration provision or Instagram's terms of service; and RBCS reserves all such rights.

Instagram a/k/a Facebook, Inc. ("Instagram") previously suspended RBCS's Instagram account, @revbillyschopshop (the "Account"), due to an error with Instagram's term's service. On February 21, 2021, this law firm sent Instagram a Notice of Dispute, requesting that the suspension be lifted, and/or that the matter be sent to arbitration if necessary. A copy of the February 21, 2021 correspondence is included for reference purposes.

Shortly thereafter, Instagram acquiesced, and the suspension of the Account was lifted. Matters had been progressing without incident until yesterday, March 21, 2021.

Specifically, Amanda was attending to the Instagram account when, without notice or reason, she was booted from the account. When Amanda attempted to sign back into the account, she was advised that the account user could not be located. She was also directed to secure a six-digit security code that was supposed to be sent to her cell phone. However, her attempts at securing the access code were fruitless, and no code was sent to her phone.

March 22, 2021
Page 2

Even more concerning, general searches of the Instagram no longer reveal any @revbillyschopshop account whatsoever. Obviously, my client is concerned that the account has been deleted or tampered with, especially in light of the complete lack of communication from Instagram

Accordingly, my law firm has been authorized and directed by RBCS to serve this Notice of Dispute on Instagram a/k/a Facebook, Inc. ("Instagram"). Per Instagram's terms of service, we submit the following information:

**Account Identification Information:**

your name: Rev. Billy's Chop Shop, Inc.
residence address: 4314 N. Lincoln Ave., Chicago, IL 60618
username: revbillyschopshop
email address: revschopshop@gmail.com

**Detailed Description Of The Dispute**:

*See* "Introduction" section *supra,* incorporated herein by reference.

**Relief Being Sought:**

This claim seeks less than $75,000. RBCS is seeking that the reinstatement of the RBCS account (@revbillyschopshop), and that RBCS be granted back its privileges with respect to the Account. In addition, if compelled to go through arbitration, RBCS seeks the following: lost profits of less than $75,000; payment of all American Arbitration Association arbitration fees and costs by Instagram (a/k/a Facebook, Inc.); RBCS's attorney's fees and costs; and any other damages deemed appropriate by an arbitrator.

**Offer of Compromise:**

RBCS is willing to accept that RCBS Account be reinstated, and that it be granted back all privileges, followers, posts, and any other rights generally associated with the possession of an Instagram account. If Instagram accepts this, RBCS will waive and forgo any rights to compel arbitration and seek past monetary damages, including lost profits and attorney's fees.

Please respond to this Notice of Dispute as soon as possible. Please also be advised that RBCS has authorized Instagram to communicate to it through my law firm. My contact information is as follows:

Daniel I. Schlade
Law Office of Daniel I. Schlade
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 773-550-3775
E: danschlade@gmail.com

March 22, 2021
Page 3

  Please direct all responses and communications to my law firm.  If you require proof of representation in order to communicate with my law firm, please so advise and it will be tendered upon request.  And if you require any additional information, please do not hesitate to contact me.

        Very Truly Yours,

        Daniel I. Schlade

cc:  Amanda Simmons, William Simmons

# EXHIBIT 2

Return Date: No return date scheduled
Hearing Date: 10/12/2021 9:30 AM - 9:30 AM
Courtroom Number: 2301
Location: District 1 Court
　　　　Cook County, IL

FILED
8/11/2021 1:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02861

13656676

FILED DATE: 8/11/2021 1:01 PM 2021CH02861

**Chancery Division Civil Cover Sheet**
**General Chancery Section**                                          (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

REV. BILLY' S CHOP SHOP, INC.

_____
                                        Plaintiff          2021CH02861

                    v.                               Case No: _____

INSTAGRAM, INC.
_____
                                        Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus | |
| 0001 | ☐ Class Action | | 0018 | ☐ Ne Exeat | |
| 0002 | ☑ Declaratory Judgment | | 0019 | ☐ Partition | |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title | |
| | | | 0021 | ☐ Quo Warranto | |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights | |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract | |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract | |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance | |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction | |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) | |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ | |

◉ Atty. No.: 61282 _____   ○ Pro Se 99500

Atty Name: Daniel Schlade _____

Atty. for: Plaintiff _____

Address: 134 N. LaSalle, Suite 1208 _____

City: Chicago _____ State: IL __

Zip: 60602 _____

Telephone: 773-550-3775 _____

Primary Email: danschlade@gmail.com _____

Pro Se Only:  ☐ I have read and agree to the terms of the Clerk's
Clerk's Office Electronic Notice Policy and
choose to opt in to electronic notice from the
Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

FILED
6/11/2021 1:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02861

FILED DATE: 6/11/2021 1:01 PM  2021CH02861

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION**

| | | | |
|---|---|---|---|
| REV. BILLY'S CHOP SHOP, INC., an Illinois Corporation | ) ) ) | | |
| Plaintiff, | ) ) | Case No. | 2021CH02861 |
| v. | ) ) | | |
| INSTAGRAM, INC., a Delaware Corporation, | ) ) | | |
| Defendant. | ) ) | | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Rev. Billy's Chop Shop, Inc., by and through its attorney, Daniel I. Schlade, submits the following Complaint For Declaratory Judgment And Other Relief against Instagram, Inc., and states:

**Parties**

1.     Rev. Billy's Chop Shop, Inc. ("RBCS") is an Illinois corporation, with its principal place of business located in Chicago, Cook County, Illinois.  RBCS operates a hair salon.

2.     Instagram, Inc. ("Instagram") is a Delaware Corporation that is headquartered in California.   Instagram operates a social media and photograph sharing internet site.

**Venue And Jurisdiction**

3.     The dispute at issue involves interpretation and enforcement of an agreement between the parties.  The subject agreement was tendered to the Plaintiffs in Chicago, Illinois; and all or part of the transaction that gives rise to the dispute occurred in Chicago, Cook County, Illinois.  Accordingly, venue and jurisdiction lie in the circuit court of Illinois.

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

**<u>Facts Common To All Counts</u>**

4. Instagram is in the business of operating a social media network whereby users post and share photos and narrative content related to the photos, their lives, and their businesses.

5. Users who subscribe to Instagram are permitted to post photos, videos, and captions or comments (collectively "Posts"). In turn, other Instagram users as well as members of the public may view the Posts.

6. Instagram and Instagram account holders enjoy a symbiotic relationship, whereby account holders make Posts and generate content for Instagram at no cost; and in turn Instagram is able to generate advertising revenue through the use of account holder's Posts.

7. RCBS began using Instagram approximately six years ago to promote and advertise its Hair Salon.

8. RCBS employed the use of Instagram using the handle "@revbillyschopshop[.]" Over the years, RCBS generated hundreds of posts marketing and advertising the services it provided, often through the use of customers or models who had received RBCP's services.

9. RBCS Instagram account also became a significant revenue generator for its business. On average, RBCS's Instagram account generated $1,000 per week in sales, which revenue has been lost. RBCS's total lost revenue is approximately $24,000.

10. In addition, many regular and prospective customers of RBCS would use the @revbillyschopshop handle to communicate with RBCS, including questions about services and dates and times to schedule appointments.

11. In or about November 2020, Instagram suspended RBCS's account due to a purported violation of its terms of service. Specifically, RBCS reported the age of its business to Instagram as six years old. Instagram wrongfully interpreted this representation as if RBCS was

FILED DATE: 6/11/2021 1:01 PM    2021CH02861

a six year old child, not a corporation, which would violate its terms of service requiring users to be thirteen years of age or older.

12.     This suspension of RBCS's account extended through the end of February 2021, during which time RBCS made multiple attempts to contact Instagram to assist it with resolving any discrepancies.

13.     On February 17, 2021, RBCS served a Notice of Dispute on Instagram, demanding resolution or arbitration of issues highlighted in Paragraphs 10 through 12.

14.     On or about February 27, 2021, Instagram reactivated RBCP's Instagram account.

15.     For approximately three weeks, RBCS's Instagram account operated properly.

16.     However, on or about March 21, 2021, Instagram again shut down RBCS's account.  RBCS was advised that its account was deactivated for violating its terms of service.

17.     At no time between February 27, 2021 and March 21, 2021 did RBCS engage in any conduct that violated Instagram's terms of service, or provided any grounds for the deactivation of the RBCS account.

18.     At no time between February 27, 2021 and the date of filing of this lawsuit has Instagram advised RBCS what particular terms of service were purportedly violated by it.

18.     On March 22, 2021 RBCS sent another notice of dispute and demand for arbitration on Instagram.

19.     Additionally, between March 22, 2021 and June 8, 2021, RBCS communicated numerous times with Instagram regarding reactivating its account.  These communications were conducted both electronically.

20.     In response to these communications identified in Paragraph 19, Instagram advised RBCS that the situation had been addressed and fixed by it, and Instagram sent RBCS at least

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

thirty-five emails advising it that "We [Instagram] just investigated your report and it looks like this is no longer an issue. If it comes up again, just reply to this message and let us know what's going on and we'll do our best to help."

21.     At no time since March 21, 2021 has RBCS's Instagram been activated; available for RBCS to make Posts; or available for viewing to other Instagram users or the public.

22.     RBCS has exhausted all non-judicial avenues of relief, including but not limited to: going through Instagram's appeal's process; communicating with Instagram electronically and seeking resolution of its issues; and serving a written notice of dispute and demand for arbitration.

## COUNT I – Declaratory Judgment

23.     Plaintiff incorporates by reference Paragraphs 1 through 22 as if set forth in full herein for Paragraph 23.

24.     The terms of service ("TOS") between RBCS and Instagram represent a binding and enforceable contract in that Instagram offered its terms to RBCS; RBCS accepted those terms, and the agreement is supported by valuable consideration, including the consideration identified in Paragraph 6, and enjoyed by Instagram and RBCS.  A copy of the TOS is attached hereto as Exhibit A.

25.     The TOS provides that Instagram will pay all arbitration filing fees, administration and hearing costs, and arbitrator fees for any arbitration we bring or if your claims seek less than $75,000 and you timely provided us with a Notice of Dispute[.]"  *See* Exhibit A.

26.     RBCS timely served a notice of dispute on Instagram, and expressly notified Instagram that it was seeking less than $75,000.  *See* Notice of Dispute, attached hereto as Exhibit A.

27.     To date, Instagram has refused to resolve the dispute between RBCS and Instagram, and it has refused to pay for any Arbitration, as required by the terms of service.  As such, an actual controversy exists between the parties.

WHEREFORE, Rev. Billy's Chop Shop, Inc. respectfully requests that judgment be entered in its favor and against Instagram, Inc., and that the court enter a judgment in its favor declaring the rights of the parties, including that Instagram, Inc. be compelled to institute and pay for all arbitration and administration costs relating to this dispute, Plaintiff's reasonable attorney's fees and costs, and for any other relief deemed just or necessary by this Court.

## COUNT II – Declaratory Judgment

28.     Plaintiff incorporates by reference Paragraphs 1 through 22 as if set forth in full herein for Paragraph 28.

29.     The TOS are a contract of adhesion in that:

Instagram enjoys a superior bargaining power due to its size, net worth, and control over the social media market in general;

At no time has RBCS possessed any opportunity to negotiate the TOS with Instagram; and

The TOS were offered to RBCS on a "take it or leave it" basis.

30.     The TOS are unlawful and/or overly burdensome in that: (i) they limit RBCS's damages to $100, but may require RBCS (or other Instagram account holders) to pay thousands of dollars in arbitration filing fees and administration costs; (ii) they prevent RBCS or any other Instagram users from filing a class action against Instagram; (iii) they require RBCS and other Instagram users to indemnify it and pay its reasonable attorney's fees; (iv) they require Instagram users to file any non-arbitration lawsuit in California; (v) the terms of service apply to minors as young as thirteen years old.

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

31.     Because the TOS are a contract of adhesion; and because the TOS are unlawful or unduly burdensome, the terms set forth in the "How We Handle Disputes." section of the TOS are unlawful, unenforceable, and/or should be construed against Instagram.

32.     In the alternative to the relief sought in Paragraph 31, because the TOS are a contract of adhesion; and because the TOS are unlawful or unduly burdensome; and because the terms set forth in the TOS are so onerous and inequitable, the entire TOS should be deemed void and unenforceable.

33.     An actual controversy exists between the parties as a result of the foregoing.

WHEREFORE, Rev. Billy's Chop Shop, Inc. respectfully requests that judgment be entered in its favor and against Instagram, Inc., and that the Court enter a judgment in its favor declaring the rights of the parties, including that the "How We Handle Disputes." Section in Instagram, Inc.'s terms of service are unlawful and unenforceable; or in the alternative the Court should deem the entirety of the Terms of Service unlawful and unenforceable.  Additionally, Plaintiff requests that its reasonable attorney's fees and costs be awarded, and for any other relief deemed just or necessary by this Court.

Daniel I. Schlade                                              Rev. Billy's Chop Shop, Inc.
134 N. LaSalle, Suite 1208
Chicago, IL 60602
773-550-3775
Firm ID 61282
Email: danschlade@gmail.com                    By Its Attorney

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

# EXHIBIT A

How can we help?

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

Help Center — **Policies and Reporting**

Report Something

Reducing the Spread of False
Information on Instagram

Community Guidelines

Data Policy

**Terms of Use**

Platform Policy

About Cookies

Community Payments Terms

Instagram Purchase Protection Policy

Back

# Terms of Use

Welcome to Instagram!

These Terms of Use (or "Terms") govern your use of Instagram, except where we
expressly state that separate terms (and not these) apply, and provide information about
the Instagram Service (the "Service"), outlined below. When you create an Instagram
account or use Instagram, you agree to these terms. The Facebook Terms of Service do
not apply to this Service.

The Instagram Service is one of the Facebook Products, provided to you by Facebook,
Inc. These Terms of Use therefore constitute an agreement between you and Facebook,
Inc.

**ARBITRATION NOTICE: YOU AGREE THAT DISPUTES BETWEEN YOU AND US WILL
BE RESOLVED BY BINDING, INDIVIDUAL ARBITRATION AND YOU WAIVE YOUR
RIGHT TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR CLASS-WIDE
ARBITRATION. WE EXPLAIN SOME EXCEPTIONS AND HOW YOU CAN OPT OUT OF
ARBITRATION BELOW.**

## The Instagram Service

We agree to provide you with the Instagram Service. The Service includes all of the
Instagram products, features, applications, services, technologies, and software that we
provide to advance Instagram's mission: To bring you closer to the people and things you
love. The Service is made up of the following aspects:

- **Offering personalized opportunities to create, connect, communicate, discover,
  and share.**
  People are different. We want to strengthen your relationships through shared
  experiences you actually care about. So we build systems that try to understand
  who and what you and others care about, and use that information to help you
  create, find, join, and share in experiences that matter to you. Part of that is
  highlighting content, features, offers, and accounts you might be interested in, and
  offering ways for you to experience Instagram, based on things you and others do
  on and off Instagram.

- **Fostering a positive, inclusive, and safe environment.**
  We develop and use tools and offer resources to our community members that
  help to make their experiences positive and inclusive, including when we think they
  might need help. We also have teams and systems that work to combat abuse and
  violations of our Terms and policies, as well as harmful and deceptive behavior. We
  use all the information we have-including your information-to try to keep our
  platform secure. We also may share information about misuse or harmful content

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

with other Facebook Companies or law enforcement. Learn more in the Data Policy.

- **Developing and using technologies that help us consistently serve our growing community.**
  Organizing and analyzing information for our growing community is central to our Service. A big part of our Service is creating and using cutting-edge technologies that help us personalize, protect, and improve our Service on an incredibly large scale for a broad global community. Technologies like artificial intelligence and machine learning give us the power to apply complex processes across our Service. Automated technologies also help us ensure the functionality and integrity of our Service.

- **Providing consistent and seamless experiences across other Facebook Company Products.**
  Instagram is part of the Facebook Companies, which share technology, systems, insights, and information-including the information we have about you (learn more in the Data Policy) in order to provide services that are better, safer, and more secure. We also provide ways to interact across the Facebook Company Products that you use, and designed systems to achieve a seamless and consistent experience across the Facebook Company Products.

- **Ensuring access to our Service.**
  To operate our global Service, we must store and transfer data across our systems around the world, including outside of your country of residence. The use of this global infrastructure is necessary and essential to provide our Service. This infrastructure may be owned or operated by Facebook Inc., Facebook Ireland Limited, or their affiliates.

- **Connecting you with brands, products, and services in ways you care about.**
  We use data from Instagram and other Facebook Company Products, as well as from third-party partners, to show you ads, offers, and other sponsored content that we believe will be meaningful to you. And we try to make that content as relevant as all your other experiences on Instagram.

- **Research and innovation.**
  We use the information we have to study our Service and collaborate with others on research to make our Service better and contribute to the well-being of our community.

## How Our Service Is Funded

Instead of paying to use Instagram, by using the Service covered by these Terms, you acknowledge that we can show you ads that businesses and organizations pay us to promote on and off the Facebook Company Products. We use your personal data, such as information about your activity and interests, to show you ads that are more relevant to you.

We show you relevant and useful ads without telling advertisers who you are. We don't sell your personal data. We allow advertisers to tell us things like their business goal and the kind of audience they want to see their ads. We then show their ad to people who might be interested.

We also provide advertisers with reports about the performance of their ads to help them understand how people are interacting with their content on and off Instagram. For example, we provide general demographic and interest information to advertisers to help them better understand their audience. We don't share information that directly identifies you (information such as your name or email address that by itself can be used to contact

FILED DATE: 6/11/2021 1:01 PM    2021CH02861

you or identifies who you are) unless you give us specific permission. Learn more about how Instagram ads work here.

You may see branded content on Instagram posted by account holders who promote products or services based on a commercial relationship with the business partner mentioned in their content. You can learn more about this here.

## The Data Policy

Providing our Service requires collecting and using your information. The Data Policy explains how we collect, use, and share information across the Facebook Products. It also explains the many ways you can control your information, including in the Instagram Privacy and Security Settings. You must agree to the Data Policy to use Instagram.

## Your Commitments

In return for our commitment to provide the Service, we require you to make the below commitments to us.

**Who Can Use Instagram.** We want our Service to be as open and inclusive as possible, but we also want it to be safe, secure, and in accordance with the law. So, we need you to commit to a few restrictions in order to be part of the Instagram community.

- You must be at least **13** years old.

- You must not be prohibited from receiving any aspect of our Service under applicable laws or engaging in payments related Services if you are on an applicable denied party listing.

- We must not have previously disabled your account for violation of law or any of our policies.

- You must not be a convicted sex offender.

**How You Can't Use Instagram.** Providing a safe and open Service for a broad community requires that we all do our part.

- **You can't impersonate others or provide inaccurate information.**
  You don't have to disclose your identity on Instagram, but you must provide us with accurate and up to date information (including registration information), which may include providing personal data. Also, you may not impersonate someone or something you aren't, and you can't create an account for someone else unless you have their express permission.

- **You can't do anything unlawful, misleading, or fraudulent or for an illegal or unauthorized purpose.**

- **You can't violate (or help or encourage others to violate) these Terms or our policies, including in particular the Instagram Community Guidelines, Facebook Platform Terms and Developer Policies, and Music Guidelines.**
  If you post branded content, you must comply with our Branded Content Policies, which require you to use our branded content tool. Learn how to report conduct or content in our Help Center.

- **You can't do anything to interfere with or impair the intended operation of the Service.**
  This includes misusing any reporting, dispute, or appeals channel, such as by making fraudulent or groundless reports or appeals.

FILED DATE: 6/11/2021 1:01 PM    2021CH02861

- **You can't attempt to create accounts or access or collect information in unauthorized ways.**
  This includes creating accounts or collecting information in an automated way without our express permission.

- **You can't sell, license, or purchase any account or data obtained from us or our Service.**
  This includes attempts to buy, sell, or transfer any aspect of your account (including your username); solicit, collect, or use login credentials or badges of other users; or request or collect Instagram usernames, passwords, or misappropriate access tokens.

- **You can't post someone else's private or confidential information without permission or do anything that violates someone else's rights, including intellectual property rights (e.g., copyright infringement, trademark infringement, counterfeit, or pirated goods).**
  You may use someone else's works under exceptions or limitations to copyright and related rights under applicable law. You represent you own or have obtained all necessary rights to the content you post or share. Learn more, including how to report content that you think infringes your intellectual property rights, here.

- **You can't modify, translate, create derivative works of, or reverse engineer our products or their components.**

- **You can't use a domain name or URL in your username without our prior written consent.**

**Permissions You Give to Us.** As part of our agreement, you also give us permissions that we need to provide the Service.

- **We do not claim ownership of your content, but you grant us a license to use it.**
  Nothing is changing about your rights in your content. We do not claim ownership of your content that you post on or through the Service and you are free to share your content with anyone else, wherever you want. However, we need certain legal permissions from you (known as a "license") to provide the Service. When you share, post, or upload content that is covered by intellectual property rights (like photos or videos) on or in connection with our Service, you hereby grant to us a non-exclusive, royalty-free, transferable, sub-licensable, worldwide license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works of your content (consistent with your privacy and application settings). This license will end when your content is deleted from our systems. You can delete content individually or all at once by deleting your account. To learn more about how we use information, and how to control or delete your content, review the Data Policy and visit the Instagram Help Center.

- **Permission to use your username, profile picture, and information about your relationships and actions with accounts, ads, and sponsored content.**
  You give us permission to show your username, profile picture, and information about your actions (such as likes) or relationships (such as follows) next to or in connection with accounts, ads, offers, and other sponsored content that you follow or engage with that are displayed on Facebook Products, without any compensation to you. For example, we may show that you liked a sponsored post created by a brand that has paid us to display its ads on Instagram. As with actions on other content and follows of other accounts, actions on sponsored content and follows of sponsored accounts can be seen only by people who have permission to see that content or follow. We will also respect your ad settings. You can learn more here about your ad settings.

- **You agree that we can download and install updates to the Service on your device.**

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

## Additional Rights We Retain

- If you select a username or similar identifier for your account, we may change it if we believe it is appropriate or necessary (for example, if it infringes someone's intellectual property or impersonates another user).

- If you use content covered by intellectual property rights that we have and make available in our Service (for example, images, designs, videos, or sounds we provide that you add to content you create or share), we retain all rights to our content (but not yours).

- You can only use our intellectual property and trademarks or similar marks as expressly permitted by our Brand Guidelines or with our prior written permission.

- You must obtain written permission from us or under an open source license to modify, create derivative works of, decompile, or otherwise attempt to extract source code from us.

## Content Removal and Disabling or Terminating Your Account

- We can remove any content or information you share on the Service if we believe that it violates these Terms of Use, our policies (including our Instagram Community Guidelines), or we are permitted or required to do so by law. We can refuse to provide or stop providing all or part of the Service to you (including terminating or disabling your access to the Facebook Products and Facebook Company Products) immediately to protect our community or services, or if you create risk or legal exposure for us, violate these Terms of Use or our policies (including our Instagram Community Guidelines), if you repeatedly infringe other people's intellectual property rights, or where we are permitted or required to do so by law. We can also terminate or change the Service, remove or block content or information shared on our Service, or stop providing all or part of the Service if we determine that doing so is reasonably necessary to avoid or mitigate adverse legal or regulatory impacts on us. If you believe your account has been terminated in error, or you want to disable or permanently delete your account, consult our Help Center. When you request to delete content or your account, the deletion process will automatically begin no more than 30 days after your request. It may take up to 90 days to delete content after the deletion process begins. While the deletion process for such content is being undertaken, the content is no longer visible to other users, but remains subject to these Terms of Use and our Data Policy. After the content is deleted, it may take us up to another 90 days to remove it from backups and disaster recovery systems.

- Content will not be deleted within 90 days of the account deletion or content deletion process beginning in the following situations:

  - where your content has been used by others in accordance with this license and they have not deleted it (in which case this license will continue to apply until that content is deleted); or

  - where deletion within 90 days is not possible due to technical limitations of our systems, in which case, we will complete the deletion as soon as technically feasible; or

  - where deletion would restrict our ability to:

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

- investigate or identify illegal activity or violations of our terms and policies (for example, to identify or investigate misuse of our products or systems);

- protect the safety and security of our products, systems, and users;

- comply with a legal obligation, such as the preservation of evidence; or

- comply with a request of a judicial or administrative authority, law enforcement, or a government agency;

- in which case, the content will be retained for no longer than is necessary for the purposes for which it has been retained (the exact duration will vary on a case-by-case basis).

- If you delete or we disable your account, these Terms shall terminate as an agreement between you and us, but this section and the section below called "Our Agreement and What Happens if We Disagree" will still apply even after your account is terminated, disabled, or deleted.

### Our Agreement and What Happens if We Disagree

**Our Agreement.**

- Your use of music on the Service is also subject to our Music Guidelines, and your use of our API is subject to our Facebook Platform Terms and Developer Policies. If you use certain other features or related services, you will be provided with an opportunity to agree to additional terms that will also become a part of our agreement. For example, if you use payment features, you will be asked to agree to the Community Payment Terms. If any of those terms conflict with this agreement, those other terms will govern.

- If any aspect of this agreement is unenforceable, the rest will remain in effect.

- Any amendment or waiver to our agreement must be in writing and signed by us. If we fail to enforce any aspect of this agreement, it will not be a waiver.

- We reserve all rights not expressly granted to you.

**Who Has Rights Under this Agreement.**

- Our past, present, and future affiliates and agents, including Instagram LLC, can invoke our rights under this agreement in the event they become involved in a dispute. Otherwise, this agreement does not give rights to any third parties.

- You cannot transfer your rights or obligations under this agreement without our consent.

- Our rights and obligations can be assigned to others. For example, this could occur if our ownership changes (as in a merger, acquisition, or sale of assets) or by law.

**Who Is Responsible if Something Happens.**

- Our Service is provided "as is," and we can't guarantee it will be safe and secure or will work perfectly all the time. TO THE EXTENT PERMITTED BY LAW, WE ALSO DISCLAIM ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, AND NON-INFRINGEMENT.

- We also don't control what people and others do or say, and we aren't responsible for their (or your) actions or conduct (whether online or offline) or content (including unlawful or objectionable content). We also aren't responsible for services and features offered by other people or companies, even if you access them through our Service.

- Our responsibility for anything that happens on the Service (also called "liability") is limited as much as the law will allow. If there is an issue with our Service, we can't know what all the possible impacts might be. You agree that we won't be responsible ("liable") for any lost profits, revenues, information, or data, or consequential, special, indirect, exemplary, punitive, or incidental damages arising out of or related to these Terms, even if we know they are possible. This includes when we delete your content, information, or account. Our aggregate liability arising out of or relating to these Terms will not exceed the greater of $100 or the amount you have paid us in the past twelve months.

- You agree to defend (at our request), indemnify and hold us harmless from and against any claims, liabilities, damages, losses, and expenses, including without limitation, reasonable attorney's fees and costs, arising out of or in any way connected with these Terms or your use of the Service. You will cooperate as required by us in the defense of any claim. We reserve the right to assume the exclusive defense and control of any matter subject to indemnification by you, and you will not in any event settle any claim without our prior written consent.

**How We Will Handle Disputes.**

- Except as provided below, **you and we agree that any cause of action, legal claim, or dispute between you and us arising out of or related to these Terms or Instagram ("claim(s)") must be resolved by arbitration on an individual basis. Class actions and class arbitrations are not permitted**; you and we may bring a claim only on your own behalf and cannot seek relief that would affect other Instagram users. If there is a final judicial determination that any particular claim (or a request for particular relief) cannot be arbitrated in accordance with this provision's limitations, then only that claim (or only that request for relief) may be brought in court. All other claims (or requests for relief) remain subject to this provision.

- Instead of using arbitration, you or we can bring claims in your local "small claims" court, if the rules of that court will allow it. If you don't bring your claims in small claims court (or if you or we appeal a small claims court judgment to a court of general jurisdiction), then the claims must be resolved by binding, individual arbitration. The American Arbitration Association will administer all arbitrations under its Consumer Arbitration Rules. **You and we expressly waive a trial by jury.**

The following claims don't have to be arbitrated and may be brought in court: disputes related to intellectual property (like copyrights and trademarks), violations of our Platform Policy, or efforts to interfere with the Service or engage with the Service in unauthorized ways (for example, automated ways). In addition, issues relating to the scope and enforceability of the arbitration provision are for a court to decide.

This arbitration provision is governed by the Federal Arbitration Act.

You can opt out of this provision within 30 days of the date that you agreed to these Terms. To opt out, you must send your name, residence address, username, email address or phone number you use for your Instagram account, and a clear statement that you want to opt out of this arbitration agreement, and you must send

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

them here: Facebook, Inc. ATTN: Instagram Arbitration Opt-out, 1601 Willow Rd., Menlo Park, CA 94025.

- Before you commence arbitration of a claim, you must provide us with a written Notice of Dispute that includes your name, residence address, username, email address or phone number you use for your Instagram account, a detailed description of the dispute, and the relief you seek. Any Notice of Dispute you send to us should be mailed to Facebook, Inc., ATTN: Instagram Arbitration Filing, 1601 Willow Rd. Menlo Park, CA 94025. Before we commence arbitration, we will send you a Notice of Dispute to the email address you use with your Instagram account, or other appropriate means. If we are unable to resolve a dispute within thirty (30) days after the Notice of Dispute is received, you or we may commence arbitration.

- We will pay all arbitration filing fees, administration and hearing costs, and arbitrator fees for any arbitration we bring or if your claims seek less than $75,000 and you timely provided us with a Notice of Dispute. For all other claims, the costs and fees of arbitration shall be allocated in accordance with the arbitration provider's rules, including rules regarding frivolous or improper claims.

- For any claim that is not arbitrated or resolved in small claims court, you agree that it will be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County. You also agree to submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim.

- The laws of the State of California, to the extent not preempted by or inconsistent with federal law, will govern these Terms and any claim, without regard to conflict of law provisions.

**Unsolicited Material.**

We always appreciate feedback or other suggestions, but may use them without any restrictions or obligation to compensate you for them, and are under no obligation to keep them confidential.

## Updating These Terms

We may change our Service and policies, and we may need to make changes to these Terms so that they accurately reflect our Service and policies. Unless otherwise required by law, we will notify you (for example, through our Service) before we make changes to these Terms and give you an opportunity to review them before they go into effect. Then, if you continue to use the Service, you will be bound by the updated Terms. If you do not want to agree to these or any updated Terms, you can delete your account, here.

Revised: December 20, 2020

ABOUT US    HELP    API    JOBS    TERMS    PRIVACY                              © 2021 INSTAGRAM, INC.

ENGLISH (US)    ESPAÑOL    FRANÇAIS (FRANCE)    中文(简体)    العربية    PORTUGUÊS (BRASIL)    한국어    ITALIANO    DEUTSCH    हिन्दी    日本語

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

# EXHIBIT B

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

# LAW OFFICE OF DANIEL I. SCHLADE
134 N. LaSalle, Suite 1208
Chicago, Illinois 60602
Email: danschlade@gmail.com Tel: (773) 550-3775

March 22, 2021

**<u>Via U.S. Mail Delivery</u>**

Instagram Arbitration Filing
1601 Willow Rd.
Menlo Park, CA 94025

  Re: **NOTICE OF DISPUTE**

    **@revbillyschopshop / Rev.  Billy's Chop Shop, Inc. v. Instagram**

      <u>**Introduction**</u>

To Whom It May Concern:

  My Law Firm represents Rev. Billy's Chop Shop, Inc. ("RBCS").  RBCS is an active Illinois Corporation (File No. 69602916); and it is the business of operating a hair salon and studio.  RBCS's owners are William P Simmons/President ("William") and Amanda J Simmons/Secretary ("Amanda").

  Please note that any statements contained herein are protected by Federal Rule of Evidence 408, Illinois Rule of Evidence 408, and/or any common law privilege; and any such statements shall not be admissible as evidence at any arbitration, trial, hearing, or any evidentiary proceeding whatsoever.   Moreover, nothing contained in this correspondence shall be deemed a waiver of RBCS's right to contest any arbitration provision or Instagram's terms of service; and RBCS reserves all such rights.

  Instagram a/k/a Facebook, Inc. ("Instagram") previously suspended RBCS's Instagram account, @revbillyschopshop (the "Account"), due to an error with Instagram's term's service.  On February 21, 2021, this law firm sent Instagram a Notice of Dispute, requesting that the suspension be lifted, and/or that the matter be sent to arbitration if necessary.  A copy of the February 21, 2021 correspondence is included for reference purposes.

  Shortly thereafter, Instagram acquiesced, and the suspension of the Account was lifted.  Matters had been progressing without incident until yesterday, March 21, 2021.

  Specifically, Amanda was attending to the Instagram account when, without notice or reason, she was booted from the account.  When Amanda attempted to sign back into the account, she was advised that the account user could not be located.  She was also directed to secure a six-digit security code that was supposed to be sent to her cell phone. However, her attempts at securing the access code were fruitless, and no code was sent to her phone.

FILED DATE: 6/11/2021 1:01 PM   2021CH02861

March 22, 2021
Page 2

Even more concerning, general searches of the Instagram no longer reveal any @revbillyschopshop account whatsoever.  Obviously, my client is concerned that the account has been deleted or tampered with, especially in light of the complete lack of communication from Instagram

Accordingly, my law firm has been authorized and directed by RBCS to serve this Notice of Dispute on Instagram a/k/a Facebook, Inc. ("Instagram").  Per Instagram's terms of service, we submit the following information:

**Account Identification Information:**

your name: Rev.  Billy's Chop Shop, Inc.
residence address: 4314 N. Lincoln Ave., Chicago, IL 60618
username: revbillyschopshop
email address: revschopshop@gmail.com

**Detailed Description Of The Dispute**:

*See* "Introduction" section *supra,* incorporated herein by reference.

**Relief Being Sought:**

This claim seeks less than $75,000.  RBCS is seeking that the reinstatement of the RBCS account (@revbillyschopshop), and that RBCS be granted back its privileges with respect to the Account.  In addition, if compelled to go through arbitration, RBCS seeks the following: lost profits of less than $75,000; payment of all American Arbitration Association arbitration fees and costs by Instagram (a/k/a Facebook, Inc.); RBCS's attorney's fees and costs; and any other damages deemed appropriate by an arbitrator.

**Offer of Compromise:**

RBCS is willing to accept that RCBS Account be reinstated, and that it be granted back all privileges, followers, posts, and any other rights generally associated with the possession of an Instagram account.  If Instagram accepts this, RBCS will waive and forgo any rights to compel arbitration and seek past monetary damages, including lost profits and attorney's fees.

Please respond to this Notice of Dispute as soon as possible.  Please also be advised that RBCS has authorized Instagram to communicate to it through my law firm.  My contact information is as follows:

Daniel I. Schlade
Law Office of Daniel I. Schlade
134 N. LaSalle, Suite 1208
Chicago, IL 60602
P: 773-550-3775
E: danschlade@gmail.com

March 22, 2021
Page 3


      Please direct all responses and communications to my law firm.  If you require proof of representation in order to communicate with my law firm, please so advise and it will be tendered upon request.  And if you require any additional information, please do not hesitate to contact me.

Very Truly Yours,

Daniel I. Schlade

cc:    Amanda Simmons, William Simmons

FILED DATE: 6/11/2021 1:01 PM   2021CH02861